ROBERT JARVIS, Respondent, *v.* LEMUEL H. GARNETT *et als.*, Appellants.

1. *Bills and Notes — Presentment — Protest.* — If the maker of a note have no place of business at which to make demand of payment, inquiry must be made for his residence before the note can be protested for non-payment. Finding no place of business of the maker, and not being able to learn from inquiries where to find the maker, and receiving no information, does not dispense with inquiry for the maker's residence.

2. *Officer — Notary — Bills and Notes.* — The certificate of protest made by a notary is evidence of the presentment and demand at the time and in the manner stated in the certificate.

3. *Bills and Notes — Demand.* — Presentment and demand of payment must be made of the maker or drawer of a note or bill, if he can be found at his place of business or place of residence.

*Appeal from St. Louis Circuit Court.*

The court, upon its own motion, gave the following instructions :

1. If the note sued on was executed by Lemuel H. Garnett as maker, and by Francis M. Ludlow, Noah M. Ludlow, John O'Fallon, Jr., Francis Smith, Ferdinand Kennett and John O'Fallon as endorsers, and at the maturity of said note it was placed in the hands of a notary public, who proceeded during business hours on that day to make and did make diligent and faithful search and inquiry for the place of business and whereabouts of said maker among persons likely to know the same and not interested to deceive or misinform him, and presented said note and demanded payment of said maker at his last place of business, which he was informed and believed to be the maker's *then* place of business, this was a sufficient demand to charge said endorsers without going to the place of residence of said maker.

2. Although the notary may have been misled by the City Directory, or other information, as to the *then* place of business of said maker, and if said notary on that day delivered a notice of the dishonor of said note to each of said endorsers by leaving it or sending it by mail to the place which after

diligent inquiry he believed to be the place of business or residence of each of them, then this is sufficient notice, although he may have been mistaken or misinformed as to the real place of business or residence of one or all of them, and delivered or sent such notices to the wrong places.

3. The fact that Ludlow & Co., after the maturity of the note, took or accepted from Lemuel H. and Leslie Garnett the bond read in evidence as a security to them in the event they should be made liable as endorsers of the note, does not affect the question of their liability to plaintiff, and does not operate to dispense with a regular demand for payment and notice of dishonor to them.

*Sharp & Broadhead, Harding & Crane,* and *Wickham,* for appellants.

I. Garnett, the maker of the note in question, had no place of business in St. Louis at its maturity, and no demand of payment was made upon him either personally or at his residence, and there was no refusal on his part to pay the same; consequently, the endorsers are discharged—Nave v. Richardson, 36 Mo. 133; Simmons v. Belt et al., 35 Mo. 461; Musson v. Lake, 4 How. (U. S.) 273; McGruder v. Bank of Washington, 9 Wheat. 598; Anderson v. Drake, 14 Johns. 114.

(*a*) The exceptions to this rule are cases in which all due and proper efforts have been made to make presentment to and demand upon the maker, and it has been found impracticable; but the evidence in this case does not disclose such diligence on the part of the notary—Plahto's Adm'r v. Patchin, 26 Mo. 392; Woodward v. Bank of America, 19 Johns. 391.

(*b*) It becomes, then, a question of diligence on the part of the notary attempting to make the presentment to and demand of the maker of the note. Having found the former place of business of L. H. Garnett (the maker) shut and no one in charge, the notary should have made further inquiry for him and have presented the note at his residence on Olive

18—VOL. XXXIX.

Jarvis v. Garnett et als.

street, which could have been found by referring to the City Directory, where he had resided fifteen years, and where he could have been found at the maturity of the note, as appears from the evidence—Edw. on Bills, &c. 485; Sto. Prom. Notes, §§ 238 & 241; Bay. on Bills, 200; Anderson v. Drake, 14 Johns. 114; Fisher v. Evans, 5 Binney, 541; Freeman v. Boynton, 7 Mass. 483; Gillespie v. Hannake, 4 McCord, 503.

(c) A demand at a store formerly occupied by the maker of the note, but not occupied by him at the maturity thereof, is not sufficient to charge the endorsers—Edw. on Bills, 489; Bond v. Farnham, 5 Mass. 170; Reid v. Morrison, 2 Watts & S. 401; Wheeler v. Field, 6 Metc. 395; The Granite Bk. v. Ayers, 16 Pick. 392, 394; Benedict v. Caffe, 5 Duer, 231.

*Cline & Jamison,* for respondent.

The diligence and inquiries of the notary to find the maker of the note constituted a sufficient demand as against the maker to charge the endorsers. The notary went to the last place of business of the maker (which he had left but a short time previous and where his sign still remained), found it closed, and then inquired in the neighborhood for him, and after that inquired of various parties of the same name for information of the maker as to his place of business, and as he thinks also as to his residence. The notary also states that it his impression that he inquired at the post-office for the maker, and that in the course of his inquiries he was told by some one that the maker was out of town. It seems also to have been found by the court as a fact set forth in the instruction given of its own motion, that the notary made diligent and faithful search and inquiry for the place of business and whereabouts of the maker among persons likely to know the same and not interested to deceive or misinform him, "and that he presented the note and demanded payment of the maker at his last place of business, which he was informed and believed was the maker's place of business at that time"; and this decision of the court below, being in the nature of a finding of the facts upon the weight of evidence, will not

be reversed here.    And all of the circumstances of the case together incontestably warrant the decision of the court below that a sufficient presentment for payment had been made to bind the endorsers—Berlin v. Eddy et al., 33 Mo. 426; Plahto v. Patchin, 26 Mo. 392; Shepard v. Citizens' Ins. Co., 8 Mo. 276; Carroll v. Upton, 2 Sandf. 171–6; Chapman v. Lipscomb, 1 Johns. 294; Reid v. Payne, 16 Johns. 218; Bk. of Utica v. Davidson, 5 Wend. 587; Bk. of Utica v. Bender, 21 Wend. 643; Ransom v. Mack, 2 Hill, 587; Preston v. Dayson, 7 La. 7; Vigers v. Calvin, 14 La. 89; Bk. of La. v. Lotterfield, 14 La. An. 80; Watson v. Templeton, 11 La. An. 137; Franklin v. Verbois, 6 La. 727; Shield v. Buck, 1 Pick. 412; Burton v. Jones et al., Grang. 83; Union Bk. v. Fowlers, 2 Sneed, 556; Bk. of Decatur v. Hodges, 17 Ala. 40–4; Williams v. Bk. of U. S., 2 Pet. 96–101; Wiseman v. Chapella, 23 How. (S. C.) 368; Adams v. Leland, 5 Bosw. 411; 7 Pars. Notes & Bills, 448; Edw. on Bills, 609; Sto. on Bills, § 351.

HOLMES, Judge, delivered the opinion of the court.

The decision of the case depends upon the single question of the sufficiency of the presentment and demand for payment. The protest states that the notary presented the note "at the place of business of L. H. Garnett and found it closed, and made diligent search and inquiry for L. H. Garnett and could not find him." Under the statute, the notarial protest was evidence of a presentment and demand at the time and in the manner therein stated. The plaintiff, not venturing to rely upon the protest alone, produces the notary himself as a witness. He proves that he went to a store on the levee having the names of Garnett & Braunon on the sides of the door and that he found the store shut up, and upon making further inquiries got such information as to satisfy himself that this store was not then the place of business of the maker. He then proceeds to inquire for the maker at other places on several streets, but gets no information of him. He is unable to state that he made any inquiry for his place

of residence. The other evidence showed that the maker had a place of residence in the city, where he had resided for many years, and that his name and place of residence were to be found in the City Directory then in use, and that he was at that time at home in the city.

A presentment and demand is to be made of the maker himself in person if he can be found at his place of residence or at his place of business — Simmons v. Belt, 35 Mo. 461; Sto. Prom. Notes, § 40. The notarial protest shows an attempt to make a presentment and demand at his place of business only. The testimony of the notary rebuts the statement of the instrument, and shows that the notary knew it not to be true at the time he made it. The other evidence proves that it had not been the place of business of the maker for some two or three months.

The protest was thus completely rebutted and disproved. There was no satisfactory evidence of any attempt made to find the place of residence. Some inquiries were made for the man himself, but no information was obtained, and thereupon the note was protested. Here was no sufficient presentment and demand, nor was the requisite diligence used to find out the place of residence—Granite Bk. v. Summer, 16 Pick. 392; McKee v. Boswell, 33 Mo. 567.

The first, second and third instructions refused for the defendants should have been given.

The first instruction given by the court for the plaintiff was erroneous. There was no evidence before the court on which to predicate such an instruction.

Judgment reversed and the cause remanded. The other judges concur.